IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVAUGHN JOHNSON, | ) | 4:15CV3049 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RUSSELL OGG, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff DaVaughn Johnson filed his Complaint (Filing No. 1) in this case on May 7, 2015. The court has given Johnson leave to proceed in forma pauperis. The court now conducts an initial review of Johnson's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Johnson is currently incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska. The court can discern from Johnson's Complaint and the documents attached to the Complaint that his claims are based on an incident that occurred while he was incarcerated at the Nebraska State Penitentiary. (Filing No. 1 at CM/ECF p. 8.) Johnson alleged that on January 25, 2015, Defendant Russell Ogg, a prison case manager with the Nebraska Department of Correctional Services, sprayed Johnson in the face with pepper spray. (Filing No. 1 at CM/ECF p. 5.) Johnson alleged that Ogg did so at a time when Johnson was handcuffed, shackled, and strapped to a gurney with a spit rag covering his face. (Filing No. 1 at CM/ECF pp. 4-5.) Johnson alleged he was not being combative or trying to move off of the gurney. (Filing No. 1 at CM/ECF p. 5.) Rather, Johnson alleged his face was "bleeding very badly" and the spit rag was making it difficult for him to breathe so he was attempting to pull it off of his face. (Filing No. 1 at CM/ECF p. 5.)

Johnson seeks an unspecified amount of money damages.  (Filing No. 1 at CM/ECF p. 6.)

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Johnson alleged Ogg sprayed him in the face with pepper spray while he was handcuffed, shackled to a gurney, and wearing a spit mask. (Filing No. 1.) While such claims are analyzed under the Eighth Amendment, the court must ask a threshold question: whether the Eleventh Amendment bars Johnson's claims against Ogg.

Johnson did not specify whether Ogg is sued in his official or individual capacity or in both capacities. As such, the court assumes he is sued in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").

The Eleventh Amendment to the United States Constitution provides states, state agencies, and state officials acting in their official capacities with immunity from suits brought by citizens of other states and from suits brought by a state's own citizens. *See Hadley v. North Arkansas Cmty. Technical Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996), *cert. denied*, 519 U.S. 1148 (1997); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *id.*;

3

*Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). An exception to this immunity was recognized by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), which permits prospective injunctive relief against state officials for ongoing federal law violations. This exception does not apply to cases involving requests for purely retroactive relief. *Green v. Mansour*, 474 U.S. 64 (1985).

Here, Johnson seeks monetary relief against Ogg in his official capacity for alleged *past* violations of federal law. There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Johnson's claim against Ogg in his official capacity is barred by the Eleventh Amendment. On the court's own motion, the court will give Johnson an opportunity to file an amended complaint that states a claim for relief against a defendant who is not immune from suit. To the extent Johnson intends to sue Ogg in his individual capacity, official capacity, or in both capacities, he must so specifically state in his amended complaint.

IT IS THEREFORE ORDERED that:

1. Johnson has 30 days in which to file an amended complaint that states a claim upon which relief may be granted.

2. The clerk of the court is directed to set a pro se case management deadline in this case: January 15, 2016: check for amended complaint.

DATED this 14th day of December, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.